UTAH HOTEL COMPANY, a Utah corporation, Plaintiff and Appellant,

v.

R. Milton YORGASON, in his official capacity as Salt Lake County Assessor; and William E. Dunn, Robert G. Salter, William L. Hutchinson, each in their official capacities as members of the Board of Equalization for Salt Lake County, Defendants and Respondents.

No. 17612.

Supreme Court of Utah.

Feb. 23, 1983.

---

Louis H. Callister, Jr., Dorothy C. Pleshe, Salt Lake City, for plaintiff and appellant.

Ted L. Cannon, Bill Thomas Peters, Salt Lake City, for defendants and respondents.

HALL, Chief Justice:

Plaintiff Utah Hotel Company appeals the dismissal of its petition for extraordinary writ to compel defendants Salt Lake County Assessor (Yorgason) and Board of Equalization (Dunn, Salter and Hutchinson) to roll back the 1980 valuation of its real property to the value established by the State Tax Commission for the year 1978. Resolution of this appeal requires the interpretation and application of U.C.A., 1953, § 59–5–109(2) (roll back statute).

Plaintiff owns certain real property commonly known as the Hotel Utah. In 1978, the Salt Lake County Assessor assessed this particular property for taxation purposes at a value of $2,305,295, based upon a fair market value of $11,526,475. The values as determined by the county assessor were challenged by plaintiff as being excessive. Plaintiff petitioned the Salt Lake County Board of Equalization requesting a reduction of the valuation. The Board granted plaintiff's request, in part, reducing the assessed value of the property to $1,959,500. This modified valuation, however, was still unacceptable to plaintiff. An appeal was then taken to the State Tax Commission where, on April 25, 1979, the appropriate assessed value of the hotel for the year 1978 was determined to be $1,228,985. This amount was uncontested by either party and thus became final.

In 1980, the subject property was again assessed at $2,305,295, by the county based on a fair market value of $11,526,475. Plaintiff again petitioned the Board of Equalization for reduction of these valuations. The basis for this petition was § 59–5–109(2), *supra,* which reads as follows:

> Taxable real properties revalued, as provided in this chapter, after January 1, 1978, should be appraised at current fair market value and the value shall be rolled back to the January 1, 1978, level.

The Board chose to uphold the 1980 assessed valuation, whereupon plaintiff filed an appeal with the State Tax Commission. That administrative proceeding has been stayed pending the determination of this appeal.

Some two months before appealing the 1980 valuation to the State Tax Commission, plaintiff filed the subject petition for extraordinary writ. By this action, plaintiff sought to compel the county to comply with the above-quoted statute, to roll back the valuation of plaintiff's property to the 1978 valuation as determined by the State Tax Commission. Defendants moved to dismiss on the basis that the court was without jurisdiction over the subject matter of the action because plaintiff had failed to exhaust its administrative remedies; that plaintiff was required, as a condition precedent to bringing the action, to pay the taxes under protest and file a claim for refund; and that the remedies sought by plaintiff were specifically prohibited by U.C.A., 1953, § 59–11–14. Defendants asserted that § 59–5–109(2) was passed to equalize property values among the various counties, and that it did not relate to the appraisal of individual property by the county assessor. It further asserted that the subject statute did not conflict with U.C.A., 1953, § 59–5–4, which required the county assessor to assess property annually.

The court adopted defendants' "equalization" theory of § 59–5–109 and accordingly dismissed plaintiff's petition with prejudice

insofar as it sought to limit the county assessor's legal capacity to value property on an annual basis. The court also dismissed without prejudice other claims (such as the reasonableness and accuracy of the 1980 assessed value of the property) until administrative remedies were exhausted.

On appeal, plaintiff contends that the lower court's interpretation of § 59–5–109(2) is erroneous as a matter of law and further, that the Salt Lake County assessor is required to roll back the 1980 current fair market value of plaintiff's real property to its January 1, 1978, assessed value, as a matter of law. Plaintiff maintains that the Legislature amended § 59–5–109(2) in 1979 with the intent of minimizing the effects of inflation by freezing property values at January 1, 1978, levels. According to plaintiff, this section, as amended in 1979, was not limited to the county-by-county revaluation program conducted by the State Tax Commission, but rather extended to the annual appraisals and assessments made by county assessors pursuant to U.C.A., 1953, § 59–5–4.

Section 59–5–109(2) was enacted by the Legislature in an effort to deal with the ravages of inflation. It sought to accomplish that purpose by pegging the assessment of locally assessed property at the 1978 *level.* The statute does not relieve county assessors of their obligation under U.C.A., 1953, § 59–5–4 to annually appraise all taxable real property at current fair value, but it does oblige them to roll back that value to the January 1, 1978, *level.* The roll back statute is no less binding upon the county assessors simply because it appears in the section of the code which deals with the cyclical revaluation program of the State Tax Commission, which was instituted to insure that statewide property taxes be based upon current valuations and assessments.

The writ sought by plaintiff does not lie in this case. Plaintiff has misperceived the application of the roll back statute. Its purpose was not to cast in concrete the 1978 valuation placed on real property. Real property must still be assessed annually with due consideration of any and all circumstances which may effect an increase or decrease in value, such as construction or destruction of improvements, or a change of use of the property. When current fair market value is determined, it is then to be rolled back to its 1978 *level* so as to remove the effects of inflation. This is to be accomplished by application of an appropriate formula devised by the State Tax Commission for that purpose. The roll back may well result in a *valuation* at variance with the 1978 *valuation,* but it would be at the 1978 *level.*

In the instant case, the record before us is unclear as to whether the defendant assessor properly rolled back the valuation which he made of the subject property in 1980. In the event he did not, plaintiff is left free by this decision to pursue that matter in the administrative proceeding that remains pending before the State Tax Commission.

Affirmed without an award of costs.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.